Dean Hansell, SBN 93831
dhansell@dl.com
Ian C. Eisner, SBN 254490
ieisner@dl.com
DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Tel.: (213) 621-6000 / Fax (213) 621-6100

Attorneys for Defendant Euler Hermes American Credit Indemnity

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELITEGROUP COMPUTER SYSTEMS, INC., a California corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>EULER HERMES AMERICAN CREDIT INDEMNITY COMPANY, a Maryland corporation, and Does 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. C09 00110 LHK PVT<br>The Honorable Lucy Koh<br><br>STIPULATATION AND [PROPOSED] ORDER RE: WITHDRAWAL OF PLAINTIFF'S SICSA CLAIM |

Plaintiff Elitegroup Computer Systems, Inc. ("Elitegroup") and Defendant Euler Hermes American Credit Indemnity ("Euler") (jointly, the "Parties") make the following Stipulation, subject to approval of this Court:

WHEREAS, on January 9, 2009, Elitegroup filed its Complaint against Euler, which asserted causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against Euler based on Euler's denial of five claims submitted by Elitegroup under the Euler insurance policy, effective January 1, 2008 (the "Policy"), for the following buyers: (1) Flex Importacao Exportacao (the "Flex" claim); (2) Soluciones Integrales Corporation (the "SICSA" claim); (3) Terra Industria da Amozonia Ltd (the "Terra" claim); (4) RBC Industria de Computadores (the "RBC" claim); and (5) SR America, LLC (the "SR America" claim).

WHEREAS, on November 12, 2010, the Parties entered into a stipulation to remove from this action without prejudice Elitegroup's Terra claim, RBC claim, and SR America claim (to the extent the SR America claim concerned goods shipped to locations outside of the United States) because these claims are the subject on ongoing and unresolved insolvency proceedings in Brazil and thus are not ripe for adjudication. On November 12, 2010 the Court ordered these claims withdrawn without prejudice.

WHEREAS, it is the Parties' intent in entering into this Stipulation to remove from this action Elitegroup's SICSA claim because it is the subject of ongoing and unresolved insolvency proceedings in Argentina and thus is not ripe for adjudication.

NOW THEREFORE, the Parties hereby agree and stipulate as follows:

1. Elitegroup's SICSA claim (referenced in paragraphs 13 and 14 of the Complaint) is deemed withdrawn from the Complaint without prejudice.

1

2.    In conjunction with the withdrawal of Elitegroup's SICSA claim, the Parties agree that commencing as of January 9, 2009 (the date this action was filed) and extending through to the Termination Date (as defined below), the respective rights, claims, causes of action, and/or defenses that the Parties have in connection with the SICSA claim that existed as of January 9, 2009 shall be fully preserved. The Parties further agree that during the time period from January 9, 2009 to the Termination Date, the running time under any applicable statute of limitations, or under any theory of estoppel, waiver, and/or any other time-related defense or right, shall be tolled as to both Parties (the "Tolling Provision"). The Tolling Provision does not apply to rights, claims, causes of action, and/or defenses that did not exist as of January 9, 2009.

3.    Either Party may terminate the Tolling Provision of this Stipulation and Order by providing the other Party with written notice of its intent to terminate the Tolling Provision. If such notice is provided, the Tolling Provision shall terminate 60 days after the service of such notice (the "Termination Date"). Alternatively, the Termination date shall be triggered upon execution of a settlement agreement by the Parties that expressly supersedes this Stipulation.

4.    The Parties further agree that Elitegroup's withdrawal of the SICSA claim from the Complaint does not constitute a withdrawal of this claim under section V of the Policy and shall not otherwise be deemed a failure by Elitegroup to comply with the Claim Filing requirements set forth in section V(A)(1) of the Policy nor the litigation commencement requirements of section X(D) as to this claim.

5.    This Stipulation and Order shall not be construed as an admission of any facts or any liability by the Parties.

6.    This Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

7. This Stipulation and Order may be executed in counterparts and via facsimile or email with the same force and effect as if executed in one complete document.

Dated November 29, 2010

By: _____
Shawn T. Leuthold

Attorneys for Plaintiff
Elitegroup Computer Systems, Inc.

Dated: November 29, 2010        DEWEY & LEBOEUF LLP

By: _____
Dean Hansell
Ian C. Eisner

Attorneys for Defendant
Euler Hermes American Credit Indemnity Company

IT IS SO ORDERED

Dated: November 30, 2010

_____
Hon. Lucy Koh

3